IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN VALUES PROJECT,<br>704C East 13th Street, Suite 568<br>Whitefish, MT 59937<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240<br><br>*Defendant.* | Case No. 17-2070 |

## COMPLAINT

1. Plaintiff Western Values Project brings this action against the U.S. Department of the Interior under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Western Values Project is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

1

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff Western Values Project (WVP) is a nonprofit, public-interest organization that gives voice to Western values in the national conversation about resource development and public-lands conservation. WVP uses the information it gathers as well as its analysis of it, to educate the public through reports, press releases, or other media. WVP also makes the material it gathers available on its public website.

6.     Defendant U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of the records that WVP seeks.

## STATEMENT OF FACTS

7.     On June 1, 2017, WVP submitted a FOIA request ("Ms. Zinke Request") to DOI seeking access to the following records:

> [A]ccess to and copies of all records concerning Lolita Zinke's (also known as "Lola Zinke," "Lolita Hand," or "Lola Hand") work for and within the Department of the Interior since March 1, 2017.
>
> This should include, but is not limited to, copies of:
>
> - Any and all correspondence sent to or sent by Ms. Zinke regarding government business during this time period. This should include all correspondence of any medium, including, but not limited to, e-mail, text message, hardcopy and audio voice messages.
>
> - All calendar events for official Department of the Interior events that include Ms. Zinke's name as an invited guest or an attendee.

- All receipts for any expenditures made by the Department of the Interior on behalf of Ms. Zinke for office supplies, office furniture, travel, or any other expense.

- All records concerning Ms. Zinke's participation in any meetings or other official events during Secretary Ryan Zinke's meetings with California Governor Jerry Brown on April 13, 2017. This should include any meeting minutes, audio or video recordings, travel receipts, agendas, or any other documents concerning these meetings, their contents, and/or Ms. Zinke's participation.

- All records concerning Ms. Zinke's participation in any meetings or other official events during Secretary Ryan Zinke's trip to Alaska, Norway and Greenland in May 2017. This should include any meeting minutes, audio or video recordings, travel receipts, agendas, or any other documents concerning this trip and Ms. Zinke's participation.

- Any materials provided to Ms. Zinke as part of ethics training offered by the Department of the Interior.

- Any human resources documents filed by Ms. Zinke for employment with the Department of the Interior.

- All correspondence involving both Caroline Boulton and Ms. Zinke during this time period.

- All correspondence sent by, sent to, or carbon copying ("CC") Caroline Boulton during this time period that includes any of the following words: "Lola," "Lolita," "LZ," "LH," or "wife."

- All records stored or kept within the desk used by Ms. Zinke within the Secretary's office at the Department of the Interior.

- All text messages sent to Ms. Zinke by Secretary Ryan Zinke using a government-issued phone or Blackberry device and all responses from Ms. Zinke to the Secretary.

8. DOI assigned the Ms. Zinke Request tracking number OS-2017-00659.

9. On June 13, 2017, WVP submitted a FOIA request ("Correspondence Request") to DOI seeking access to the following records:

> [A]ccess to and copies of all correspondence including any of the keywords and phrases listed in Appendix A, sent or received by any of the following individuals at any point since and including May 1, 2017:
>
> - Laura Rigas
> - Heather Swift
> - Megan Bloomgren
> - Rusty Roddy
> - Caroline Boulton
> - Lori Mashburn
>
> "Correspondence" should include, but not be limited to, digital communication including copies of emails sent by, received to, or carbon copying ("CC") any of these individuals that were sent or received duing this time period and include any of the keywords in Appendix A.

10. Appendix A of the Correspondence Request includes the following terms:

    - Lola
    - Lolita
    - Wife
    - "LZ"
    - "LH"
    - "Mrs. Zinke"

11. DOI assigned the Correspondence Request tracking number OS-2017-00707.

12. DOI has not made a determination regarding WVP's FOIA requests described above, notwithstanding the obligation of the agency under FOIA to make a determination within twenty working days.

13. Through DOI's failure to respond to WVP's FOIA requests within the time period required by law, WVP has constructively exhausted its administrative remedies and seeks immediate judicial review.

14. As of the date of this complaint, DOI has failed to (a) notify WVP of any determination regarding the requests, including the scope of any responsive records DOI intends

4

to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Search for Responsive Records

15. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16. Plaintiff properly requested records within the possession, custody, and control of the Defendant.

17. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

18. Defendant has failed to review promptly agency records for the purpose of locating those records which are responsive to WVP's FOIA requests.

19. Defendant's failure to search for responsive records violates FOIA.

20. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to WVP's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Records

21. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. Plaintiff properly requested records within the possession, custody, and control of the Defendant.

23. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

24. Defendant is wrongfully withholding agency records requested by Plaintiff by failing to produce records responsive to its FOIA requests.

25. Defendant's failure to provide all responsive records violates FOIA.

26. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, WVP respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests submitted to DOI on June 1, 2017, and June 13, 2017;

(2) Order Defendant to produce, by such a date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 5, 2017

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003
*/s/ Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
cerissa.cafasso@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiff*